UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DAVETTA GILMORE,

         Plaintiff,

Case No. 1:04-CV-407

v.

HON. RICHARD ALAN ENSLEN

COMMISSIONER OF SOCIAL
SECURITY,

**OPINION**

         Defendant.
_____/

This matter is before the Court on the Objections of Defendant Commissioner of Social Security to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation dated May 19, 2005, which recommends that the Court reverse the determination of Defendant and remand the matter for further factual findings pursuant to 42 U.S.C. § 405(g). Defendant has timely objected to the Report. When reviewing the Administrative Law Judge's ("ALJ") development of the record under 42 U.S.C. § 405(g), the Court must determine if the ALJ owed a duty to Plaintiff to fully and fairly develop the record and, if so, whether the ALJ developed the record through a conscientious probing of all relevant facts. *Lashley v. Sec'y of Health & Human Serv.*, 708 F.2d 1048, 1051-52 (6th Cir. 1983). Upon review of the Report, Objections, and pertinent parts of the record, the Court finds that Defendant's Objections should be denied and the Report adopted.

**ALJ's Heightened Duty to Plaintiff**

The ALJ's special duty to fully and fairly develop the record arises when a plaintiff is unrepresented. *Duncan v. Sec'y of Health & Human Serv.*, 801 F.2d 847, 856 (6th Cir. 1986). However, the mere fact that a plaintiff is unrepresented is not a sufficient ground for reversal. Only where the plaintiff's unrepresented status has been coupled with a plaintiff who was inarticulate and easily confused, *Lashley*, 708 F.2d at 1052, incapable of presenting an effective case, *Nabours v. Comm'r of Soc. Sec.*, 50 Fed. Appx. 272, 275 (6th Cir. Nov. 4, 2002), or unsophisticated, *Rogers v. Sec'y of Health & Human Serv.*, 1986 WL 16548 at *3 (6th Cir. Feb. 28, 1986) has there been sufficient ground for reversal.

Plaintiff was not represented by counsel at the administrative hearing. (Tr. at 240.) Plaintiff's answers to the ALJ were very limited in their scope and explanation. Most of the answers were brief one-word responses to the ALJ's questions (Tr. at 240-78), and Plaintiff's responses lacked assertive advocacy for her position. *See Holden*, 641 F.2d at 409 (noting that the plaintiffs were not timid, but were loudly demanding disability benefits). Moreover, Plaintiff lacked the capability to establish, through advocacy, significantly supporting medical evidence. *Cf. Nabours*, 50 Fed. Appx. at 275 (finding the plaintiff assembled an impressive amount of medical evidence to support her claim). Additionally, Plaintiff's responses indicate that she became confused during portions of the hearing and was not able to articulate her concerns or thoughts well enough to communicate those thoughts to the ALJ. (Tr. at 272-74.) While Plaintiff was questioning the vocational expert, she became confused several times. (*Id.*) The ALJ tried to clarify the misunderstanding, but Plaintiff's responses indicate that she did not

fully understand the ALJ's clarification. (*Id*.) When Plaintiff attempted to make an argument, she was instructed that at that time, she could only ask the vocational expert hypothetical questions. (Tr. at 273-74.) Instead of posing a hypothetical question to the vocational expert, Plaintiff ceased to ask any more questions and limited her responses to one-word replies. This signifies Plaintiff's desire to question the vocational expert, but she did not know the appropriate manner of proceeding. Plaintiff's unfamiliarity with the hearing proceedings also affected her ability to advocate arguments on behalf of her case. *Cf. Nabours,* 50 Fed. Appx. at 275-76 (finding that the ALJ did not owe a special duty because plaintiff was articulate enough to cross-examine the vocational expert).

Plaintiff's inability to fully articulate her ideas, her ease of confusion, her hesitancy to assert her claims, and her hesitancy to advocate her position through questioning indicate that she was not fully capable of presenting an effective case. The Court finds that because this incapability is coupled with Plaintiff's lack of representation, the ALJ owed Plaintiff a duty to fully and fairly develop the record during the hearing.

**Development of the Record**

Having established that the ALJ owed Plaintiff such a duty, the Court must closely review the ALJ's decision to ensure that the record was fully and fairly developed. *Lashley*, 708 F.2d at 1051. The review includes an assessment of the record to see if the ALJ conscientiously and scrupulously probed into, inquired into, and explored all of the relevant facts. *Id.* at 1052 (quoting *Gold v. Sec'y of Health, Educ. & Welfare,* 463 F.2d 38, 43 (2d Cir. 1972)); *Rowden v. Chater*, 1996 WL 294464 at *1 (6th Cir. June 3, 1996). There is no bright line test to distinguish a developed record from an

undeveloped record; instead, each case must be examined individually on a case-by-case analysis. *Lashley*, 708 F.2d at 1052.

At the administrative hearing on January 14, 2004, the ALJ thoroughly examined Plaintiff's five major causes of pain, the pain's effect on her daily activities, and most of the information from the doctors. (Tr. at 240-60). However, the most recent exhibit for the ALJ's consideration was a doctor's report from August 2003. (Tr. at 270.) Prior to the hearing, Plaintiff informed the ALJ that she had been examined by a doctor on December 10, 2003. (Tr. at 142.) During the administrative hearing, Plaintiff also informed the ALJ that she had another medical examination on January 12, 2004, and she was diagnosed as Bi-polar. (Tr. at 254.) Plaintiff then explained that she was taking two more prescribed medications, Depakote and another which Plaintiff could not remember, (Tr. at 261), in addition to the five medications in her medical record (Tr. at 255-56). Plaintiff informed the ALJ that she and her children were being counseled by a therapist once a week. (Tr. at 262). Additionally, Plaintiff explained that a counselor at Michigan Rehab Services was waiting for an updated medical report from Plaintiff's doctor and an updated report from Plaintiff's therapist. (Tr. at 261).

The information that Plaintiff provided at the hearing was pertinent to the ALJ's decision because the various medical updates, reports, and the strength and side-effects of the newly prescribed medication could affect the vocational expert's estimate of which jobs Plaintiff could perform and the ALJ's determination of Plaintiff's disability status. *Cf. Duncan*, 801 F.2d at 856 (finding no possible further information that could have been brought to enhance the disability determination). However, the ALJ only asked Plaintiff a few brief questions and did not attempt to obtain the detailed aspects of the

new information provided by Plaintiff at the hearing. As a result, the ALJ's questioning was cursory. *Cf. Kelly v. Apfel*, 1998 WL 833704 at *4 (6th Cir. Nov. 20, 1998) (observing that the ALJ extensively questioned plaintiff and his wife, repeatedly inquiring into the nature of plaintiff's disability). The reason the ALJ has the responsibility to closely question inarticulate, unrepresented plaintiffs is because superficial questioning of those plaintiffs is more likely to elicit responses which do not accurately portray their limitations. *Lashley*, 708 F.2d at 1052. Because of the ALJ's brief questioning, Plaintiff's responses concerning the aforementioned information were correspondingly brief and limited. The Court finds that the ALJ did not adequately ensure, through detailed and conscientious probing, that Plaintiff received a fully developed hearing on all of the relevant facts.

### **Defendant's Objections**

Defendant objects to the Magistrate's Report, arguing that if the ALJ's determination is reasonably drawn from the record and supported by substantial evidence, the Court must affirm the decision. (Def.'s Obj. at 1.) While correct, Defendant's argument is not applicable in the case before the Court. In this case, the Court is not reviewing the merit of the ALJ's decision; the Court is determining if the ALJ properly developed the record in arriving at his decision. *See Born v. Sec'y of Health & Human Serv.*, 923 F.2d 1168, 1172-73 (6th Cir. 1990) (resolving the issue of a fully developed record separate from and prior to the issue of whether the decision was supported by substantial evidence). If the ALJ owed a heightened duty to Plaintiff, and the record is not fully developed, the issue of whether the ALJ's decision is supported by substantial evidence from the record is a moot point. The Court must remand the case

back to the ALJ to fully develop the record and thereby ensure that Plaintiff is afforded her right of a full hearing. Once the Court finds the record to be fully and fairly developed, the Court then reviews the decision to see if it is supported by substantial evidence. *See Born*, 923 F.2d at 1172. Consequently, because the Court finds that the ALJ did not develop the record fully, the Court will not address the question of substantially supporting evidence.

Defendant's second objection is that the evidence which the Court is requiring the ALJ to review on remand is additional evidence, which should be left to the discretion of the ALJ. (Def.'s Obj. at 2.) The ALJ has discretion in determining which further evidence is necessary, such as additional testing or expert testimony. *Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001). The information that Plaintiff verbally informed the ALJ of at the hearing was not yet available at the time of the hearing, but it was accrued before the hearing was completed. *See Foster*, 279 at 355-56. In *Foster*, the plaintiff wanted to have the ALJ order a new examination by a doctor and to then consider a new expert's testimony. In contrast, in this case the doctor's examination and the information garnered by the therapist occurred prior to the hearing and therefore were in the appropriate time frame. While the ALJ has discretion at the end of the hearing to attain further information if necessary, this information was already accrued and therefore was part of the record. Consequently, the ALJ had the duty to conscientiously question the Plaintiff concerning the information, *Lashley*, 708 F.2d at 1052, and obtain the most recent treatment records. Defendant's objection is without merit and will be denied.

Defendant's third objection is that Plaintiff had a responsibility under 20 C.F.R. § 404.1513(e) to submit all of the pertinent information in enough detail to

facilitate the ALJ's decision. (Def.'s Obj. at 2.) In a case where the plaintiff is unrepresented, there arises a contention between the ALJ's requirement to fully and fairly develop the record and the plaintiff's responsibility to submit all of the pertinent information to assist the ALJ's decision-making. In this case, however, Plaintiff explicitly informed the ALJ that Todd Sprunger at Michigan Rehab Services was waiting for the update of her doctor's paperwork before he could assist Plaintiff and that the paperwork would be available in a week. (Tr. at 261-62.) The medical assessments which generated the additional information occurred just before the disability hearing, and Plaintiff did not have this paperwork. (Tr. at 262.) Plaintiff did the most that she could, namely notifying the ALJ of the information at the hearing. This placed the ALJ on notice that there was more paperwork and pertinent information available to consider, and the fact that the ALJ did not have the information was not because of Plaintiff, but because of the hearing date's proximity to the medical assessments. However, the ALJ made no effort to obtain the information and incorporate it in his decision or ask Plaintiff detailed questions about her knowledge of that information. *See Born*, 923 F.2d at 1172. Plaintiff fulfilled her duty to disclose all relevant evidence at the hearing, but the ALJ failed to fulfill his duty to obtain the most recent treatment records once he was notified of their existence. For this reason, Defendant's objection is meritless.

For the above reasons, the case will be remanded to the ALJ for further factual findings in accordance with this Opinion.

A Final Order consistent with this Opinion shall issue.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>August 11, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>UNITED STATES DISTRICT JUDGE |